```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                 WESTERN DISTRICT OF NORTH CAROLINA
                         CHARLOTTE DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 3:01CR36 |
| | ) | 3:05CV25 |
| v. | ) | |
| | ) | |
| RAMON ANGEL GARCIA, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |

This matter is before the Court for final disposition of defendant's motion filed pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence, accompanied by his memorandum in support of his motion (Filing No. 1 in 3:05CV25). On September 8, 2006, the Court entered an order finding that his first, third and fourth grounds had already been addressed and resolved on his direct appeal and, consequently, were not now available in a motion filed pursuant to 28 U.S.C. § 2255 (See Filing No. 12).

The remaining issue was his claim of ineffective assistance of counsel, and at defendant's request, the Court granted defendant additional time to file a reply to the government's response as it related to that issue. That reply has now been filed. The Court has reviewed defendant's claim that he received ineffective assistance of counsel, the government's response, and the defendant's responsive brief (Filing No. 13).

The standard which the Court must apply is that set forth in *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), which requires that the defendant must show that his attorney's performance fell below an objective standard of reasonableness and that such deficient performance was prejudicial. Reviewing this case, the Court finds that defendant's trial counsel raised all of the issues of which defendant now complains. These claims were duly considered by the Court in arriving at a decision as to the appropriate sentence for the defendant.

On appeal, new counsel was appointed. That counsel filed an *Anders* brief, raising one issue, and the defendant filed a supplemental brief raising the other issues. There is simply nothing in the record that would support a finding that either of these attorneys' performance fell below the standards set by the Supreme Court in the *Strickland* case, and certainly there is no evidence that would suggest that the matters of which defendant complains would have resulted in any different sentence than that imposed by the Court.

For the foregoing reasons, the Court finds that the government's motion for summary judgment (Filing No. 9) should be granted and defendant's motion filed pursuant to 18 U.S.C. § 2255

be dismissed.  A separate order will be entered in accordance with this opinion.

DATED this 22nd day of November, 2006.

BY THE COURT:

/s/ Lyle E. Strom

_____
　LYLE E. STROM, Senior Judge
　United States District Court